IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                               PETITIONER

VERSUS                          CIVIL ACTION NO. 5:08cv340-DCB-MTP

SANDRA LUTON, et al.                                      RESPONDENTS

## OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the F.C.I.-Yazoo, Yazoo City, Mississippi, has filed on December 24, 2008, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petitioner complains that the Warden of the Federal Correctional Institution has restricted him from making photocopies. According to the petitioner, these photocopies were required so that he could prosecute his criminal and civil actions.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). The instant petition clearly challenges the conditions of petitioner's confinement, not the fact or duration of his confinement, which is the proper subject for a habeas petition filed pursuant to 28 U.S.C. § 2241. "Simply stated, habeas is not available to review questions

unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). Further, the United States Court of Appeals for the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).

In the instant case, the petitioner's allegations relate to the conditions of confinement.[1] These claims do not relate to the manner in which his sentence is being executed.[2] As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner.

---

[1] When claims are brought against federal agents challenging the conditions of confinement, it should be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Stephenson v. Reno, 28 F.3d 26, 27 & n. 1 (5th Cir.1994).

[2] This court finds that the petitioner has filed this petition for habeas relief § 2241 instead of a Bivens action because he has received three-strikes under 28 U.S.C. § 1915(g) and is now required to pay the filing fee of $350.00 to file a Bivens action challenging the conditions of his confinement unless he can meet the exception to 28 U.S.C. § 1915(g). See Banks v. Duckworth, civil action 5:07cv214-DCB-MTP (S.D. Miss. March 14, 2008) (Order [3] entered 12/7/07).

## Conclusion

As stated above, this § 2241 is not the proper forum to assert petitioner's claims presented in the instant civil action. Therefore, this § 2241 petition will be dismissed with prejudice.

A final judgment in accordance with this opinion and order shall be issued.

SO ORDERED, this the 20th day of January, 2009.

                                      s/ David Bramlette
                             UNITED STATES DISTRICT JUDGE